IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIL HAMMOND, | ) | |
| | ) | Civil Action No. 17-952 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| D.M.D. ROBERT M. KRAK, et al., | ) | Cynthia Reed Eddy |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's motion to appoint counsel (ECF No. 8). The Court of Appeals in *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994), identified standards to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d) [now subsection (e)]. First, the Court must consider the merits of the plaintiff's claim. It should not appoint counsel unless it appears that the claim has some merit in fact and law. *Tabron*, 6 F.3d at 155. Other factors a court should consider include the plaintiff's ability to present his or her case; the plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English; restraints placed upon him or her by confinement; whether the claim is truly substantial; the difficulty or complexity of the legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; the extent to which prisoners and others suffering confinement may face problems in pursuing their claims; whether the claims are likely to require extensive discovery and compliance with complex discovery rules; whether the case is likely to turn on credibility determinations; whether

the case will require testimony from expert witnesses; and whether an indigent plaintiff could retain counsel on his or her own behalf.

This case has only been recently filed, the defendants have not yet been served, and it is not yet clear to the Court whether it has any merit, either in fact or in law.  It may present complex credibility determinations but at the present stage it is too early to make that determination.  As a pro se litigant plaintiff will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe pro se pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this court for counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation.  Additionally, this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Aside from all of the circumstances surrounding every incarcerated litigant, Plaintiff has set forth no special circumstances that warrant granting counsel at this time.  Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider this request.  Accordingly, Plaintiff's Motion for Appointment of Counsel under 28 U.S.C. § 1915(e) shall be denied.

**AND NOW**, this 15th day of September, 2017;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 8) is **DENIED** without prejudice.

s/Cynthia Reed Eddy
United States Magistrate Judge

cc:   KHALIL HAMMOND
      KC9993
      PO Box 9999
      LaBelle, PA 15450