IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| KHALIL HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-CV-00952-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT M. KRAK, D.M.D.; SUPERINTENDANT LOUIS FOLINO, IRMA VIHLIDAL, HELATH CARE ADMINISTRATOR; JOHN E. WETZEL, SECRETARY OF CORRECTIONS; DORINA VARNER, CHIEF GRIEVANCE OFFICER; DR. BALAS, D.M.D.; AND VICTORIA STANISHEFSKI, HEALTH CARE ADMINISTRATOR; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION[1]**

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

**I. INTRODUCTION**

Plaintiff Khalil Hammond initiated the present action alleging that his civil rights were violated when he was given unconstitutionally substandard dental care when he was in the custody of Pennsylvania Department of Corrections ("DOC"). Presently for disposition is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the basis of *res judicata*.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

that follow, Defendants' motion for summary judgment is granted.

## II. BACKGROUND

Plaintiff filed a complaint in the Court of Common Pleas of Greene County, Pennsylvania regarding alleged constitutionally substandard dental care while in DOC custody which was dismissed and predates the filing of the instant lawsuit which restates Plaintiff's state court claims. Therefore, the sole issue before the court is whether this lawsuit is barred by the doctrine of *res judicata*. Because the disposition of the present motion only requires analysis into the facts that apply to a *res judicata* analysis, only those facts will be recounted.

On April 30, 2015, Plaintiff filed a complaint in the Court of Common Pleas of Greene County, Pennsylvania, which was docketed on May 13, 2015 ("Greene County Complaint"). The crux of the Greene County Complaint was that DOC had a practice or policy of pulling inmate's teeth, including Plaintiff's, rather than treating them as a cost saving measure. The Greene County Complaint named the following defendants, all of whom are sued in the present lawsuit: Dr. Krak, Superintendent Folino, DOC Secretary Wetzel and Chief Grievance Coordinator Varner, along with three John Does. In the instant lawsuit, he additionally sues Dr. Balas, CHCA Vihlidal, CHCA Stanishefski, and the Bureau of Healthcare Services.

Specifically in the Greene County Complaint, Plaintiff alleges that he was told on June 28, 2013 by Dr. Krak, a dentist at State Correctional Institution ("SCI") Greene, that his tooth was abscessed and that extraction was the only treatment and Plaintiff consented to have his tooth pulled. This same allegation appears in the operative pleading in the instant lawsuit. In the Greene County Complaint, Plaintiff alleges that he again saw Dr. Krak on July 5, 2013 for a root canal of another tooth. He further alleges that Dr. Krak attempted the root canal but had to abort it when he encountered calcification. Plaintiff further alleges that Dr. Krak warned that extraction would

eventually be necessary. These same allegations appear in his complaint in the instant lawsuit. Plaintiff alleges in this lawsuit that he again saw Dr. Krak on December 6, 2013 and complained of pain and Dr. Krak told him to take Tylenol and use a warm compress. This allegation was not included in the Greene County Complaint but pre-dated its filing. Plaintiff alleges in this lawsuit that he was transferred to SCI-Albion on December 26, 2013 and continued to experience pain in his face due to his bad tooth. This allegation was not included in the Greene County Complaint but pre-dated its filing. Plaintiff alleges in this lawsuit that he was transferred to SCI-Frackville on October 1, 2014 and continued to experience pain in his face due to his bad tooth. This allegation was not included in the Greene County Complaint but pre-dated its filing. Plaintiff alleges in this lawsuit that he was seen by Dr. Balas, the dentist at SCI-Frackville, on June 4, 2015 where he was advised to have his tooth extracted. By this time, Plaintiff had filed his Greene County Complaint but did not amend his complaint to include any allegations against Dr. Balas, and the defendants in the Greene County action had not yet responded to the complaint. Plaintiff alleges in this lawsuit that he was transferred to SCI-Pittsburgh on June 23, 2015 and had a root canal on his tooth the next day, ending his dental problems. By this time, Plaintiff had filed his Greene County Complaint, but did not amend his complaint to include any of these allegations, and the defendants in the Greene County action had not yet responded to the complaint.

In both actions, Plaintiff alleges a claim for First Amendment retaliation, a deliberate indifference claim in violation of the Eighth Amendment, a Fourteenth Amendment due process claim, a negligence/malpractice claim and a conspiracy claim. In the instant action only, Plaintiff alleges two claims for violation of the Pennsylvania Constitution. In the Greene County action only, Plaintiff asserted an equal protection claim and two claims for intentional infliction of emotional distress.

In the Greene County action, the presiding judge granted the defendants' preliminary objections to Plaintiff's complaint. Plaintiff moved for reconsideration of that order on August 17, 2015 and filed an appeal with the Commonwealth Court on September 23, 2015. The Commonwealth Court quashed the appeal for being untimely. Plaintiff filed the instant action on July 20, 2017 alleging that DOC has an unconstitutional practice or policy of extracting inmates' teeth instead of properly treating them for cost saving measures.

### III. STANDARD OF REVIEW

The standard for assessing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is well-settled. A court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 250.

On a motion for summary judgment, the facts and the inferences to be drawn therefrom should be viewed in the light most favorable to the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Hudson v. Proctor & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted). It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. *See Anderson*, 477 U.S. at 255; *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004); *Boyle v. County of*

4

*Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S at 247-48. An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with respect to that issue. *Id*. "Where the record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." *Matsushita*, 475 U.S. at 587; *Huston*, 568 F.3d at 104.

A plaintiff may not, however, rely solely on his complaint to defeat a summary judgment motion. *See, e.g., Anderson*, 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). Allegations made without any evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000).

**IV.  DISCUSSION**

In the instant action, Plaintiff's federal civil claims are barred by the doctrine of *res judicata*.

Under the Fair Faith and Credit Statute, 28 U.S.C. § 1738, a federal district court must give the same validation to state court judgments as courts of that state would give. *R&J Holding Co. v. Redev. Auth. of Cnty. of Montgomery*, 670 F.3d 420, 427 (3d Cir. 2011). Where, as here, a state court issued a judgment in a case and a subsequent federal suit on the same basis is filed, the federal courts must apply the law of the state in determining whether a case should be barred under *res judicata*. In Pennsylvania, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (1995). *Res judicata* bars claims

actually litigated and "claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id*. A claim is barred by *res judicata* when the former and current actions share the same four conditions: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (applying Pennsylvania law). The purpose of this doctrine "is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." *Id*. at 551. Pennsylvania jurisprudence cautions against giving those four prongs too literal of an interpretation. Rather, *res judicata* "must be liberally construed and applied without technical restriction." *Radakovich v. Radakovich*, 846 A.2d 709, 715 (Pa. Super. 2004). Each element will be addressed in turn.

        *a. Final, valid judgment on the merits by a court of competent jurisdiction*

A federal district court must give the same preclusive effect to a judgment issued by a state court that would be accorded in the state court. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). In Pennsylvania, the requirement for "final judgment on the merits" is construed broadly. *General Accident Fire & Life Assurance Corp. v. Flamini*, 445 A.2d 770, 772 (Pa.Super.1982). Under Pennsylvania law, where a court grants a defendant's preliminary objections, it is considered a final judgment on the merits for purposes of *res judicata*. *Brown v. Conney*, 442 A.2d 324, 326 (Pa. Super. 1982); *Brown v. Kleinfelter*, 406 A.2d 560, 561 (Pa. Super. 1979); *Reiff v. City of Philadelphia*, 471 F.Supp. 1262, 1266 n. 3 (E.D.Pa.1969). In the instant matter, there has been a final judgment on the merits, as the Court of Common Pleas granted the defendants' preliminary objections to Plaintiff's complaint, and his appeal was dismissed for being untimely.

Plaintiff argues that the state court was not a "competent court" to hear his federal civil rights claims and therefore *res judicata* does not bar his current proceeding.[2] This argument fails. Unless a federal statute grants exclusive jurisdiction to federal courts, state courts have concurrent jurisdiction to hear claims under federal statute. State courts possess concurrent jurisdiction with the federal courts over Section 1983 claims. *Felder v. Casey*, 487 U.S. 131, 139 (1988). Accordingly, the state court had jurisdiction to decide Plaintiff's civil rights claims and this argument is rejected.

      b. *The thing sued upon or for*

Turning to the four elements of *res judicata* under Pennsylvania law, "the thing sued upon or for" element has been met. In the Greene County action, Plaintiff was suing for inadequate dental care and alleged that the Department of Corrections had a policy or practice of extracting teeth instead of treating them with a less invasive procedure to save money. He claims in the Greene County complaint that Dr. Krak pulled one tooth instead of giving him a root canal and planned to pull another tooth, but instead he received a root canal when he was transferred to SCI-Pittsburgh. The crux of his complaint here is identical. He alleges that while incarcerated in SCI Greene, Dr. Krak pulled one tooth instead of treating it with a root canal and planned to pull another tooth but did not because Plaintiff subsequently received a root canal when he was transferred to SCI-Pittsburgh. Accordingly, the first element has been met.

      c. *The cause of action*

---

[2] Plaintiff also argues that because he did not yet exhaust the grievance process, he could not have brought his claims until the filing of this lawsuit. Plaintiff's argument fails, as this court is not concerned with exhaustion of the grievance process, but rather whether *res judicata* applies. To the extent that Plaintiff argues that his Greene County Complaint was dismissed for failure to exhaust, his remedy was to appeal that decision to the state appeals court, which to his peril, he did untimely. His recourse was not to file another suit based on the same cause of action in federal court to essentially appeal the state court's judgment.

Next, the second element for *res judicata* purposes, that the former and latter complaints have similar causes of action, is also met. The causes of action in the Greene County complaint and the present case are identical. Plaintiff omits causes of action set forth in the Greene County complaint when he filed the present action. Both actions include claims for violations of the Eighth and Fourteenth Amendments, negligence/malpractice and conspiracy. The present action includes two claims for violations of the Pennsylvania Constitution, which could have been included in the Greene County action, as those violations arose prior to judgment being rendered in that case and derived from the same cause of action. *In re Estate of Plance*, 175 A.3d 249, 258 (Pa. 2017) (*res judicata* "bars litigation of claims that were or could have been raised in a prior action which resulted in a final judgment on the merits, so long as the claims derive from the same cause of action.") (internal quotation marks and citations omitted). Accordingly, this element has been met.

### d. *The persons and parties to the action*

Next, the third element for *res judicata* purposes, that the actions include the same persons or parties, is also met. The following Defendants are common to both suits: Krak, Wetzel, Folino and Varner and therefore *res judicata* applies to those Defendants. The Greene County complaint includes references to John Does who appear to correspond to Defendant Vihlidal, and therefore *res judicata* also applies to this Defendant.

Dr. Balas and CHCA Stanishefski were not named in the Greene County complaint. Pennsylvania jurisprudence maintains that *res judicata* applies not only to those defendants actually named in the prior action, but also those who have a close connection or privity with the former defendants. *See Helmig v. Rockwell Mfg. Co.*, 131 A.2d 622, 626-27 (Pa. 1957); *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1317 (Pa. Super. 1983); *Baroutsis v. Gregory*, 35 A.2d 559, 561 (Pa. Super. 1944). Where "*res judicata* is invoked against a plaintiff

8

who has twice asserted essentially the same claim against different defendants, courts have . . . enlarged the area of *res judicata* beyond any definable categories of privity between the defendants." *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950). *See also Wilkins v. Rozum*, 2008 WL 3833418, at *6 n.4 (W.D. Pa. Aug. 14, 2008). As in the instant action, where "the same plaintiff sues in multiple suits on identical causes of action, defendants in the later suits who were not named as defendants in the earlier suits are entitled to the benefit of *res judicata* so long as there is a close or particular relationship with the defendants in the earlier suit." *Avins v. Moll*, 610 F. Supp. 308, 316 (E.D. Pa. 1984), *aff'd sub nom. Avins v. Dixon*, 774 F.2d 1150 (3d Cir. 1985), and *aff'd*, 774 F.2d 1150 (3d Cir. 1985) (citing *Bruszewski*, 181 F.2d at 422). *See also Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) (affirming *Bruszewski* and finding *res judicata* applies "where there is a close or significant relationship between successive defendants."); *Creely v. Genesis Health Ventures, Inc.*, 184 F. App'x 197, 201 (3d Cir. 2006) (same); *Spencer v. Varano*, 2019 WL 384959, at *3 (M.D. Pa. Jan. 30, 2019) (prison employees not named in first suit were in a sufficiently close relationship with other prison employees for *res judicata* purposes).

Here, Dr. Balas and CHCA Stanishefski are in a sufficiently close and significant relationship with the previously named Defendants, as all are employed in the auspices of DOC to provide dental care to inmates and Plaintiff, and as Plaintiff alleges, were all part of a "conspiracy" to violate Plaintiff's constitutional rights by extracting inmates', including Plaintiff's, teeth instead of providing adequate treatment in an effort to save money. Accordingly, this element has been met.

      e. *The capacity of the parties to sue or be sued*

Lastly, the fourth prong, the capacity of the parties to sue or be sued is met, as Plaintiff is

suing in his capacity as an inmate in DOC custody in both suits and seeks to hold the Defendants liable in their capacities as dental professionals employed by the DOC in both suits.

## V. CONCLUSION

Based on the foregoing, Plaintiff's complaint is barred by the doctrine of *res judicata* and Defendants' motion for summary judgment is granted.

An appropriate order follows.


DATED this 3rd day of March, 2020.

                            BY THE COURT:

                            s/Cynthia Reed Eddy
                            Chief United States Magistrate Judge